IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY WALKER )<br>    **Plaintiff** )<br>              )<br>              )<br>    **v.**           )<br>              )<br>              )<br>**UNITED STATES OF AMERICA, et al.,** )<br>    **Defendants.** )| **C.A. No. 06-37 Erie**<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or alternatively for summary judgment [Document # 46] be granted.

By separate Order filed this day, Plaintiff's motion to file a second amended complaint [Document # 51] be denied as futile and that Defendants' motion to strike the second amended complaint [contained within Document # 54] be denied.

**II.  REPORT**

  **A.  Procedural History**

On February 16, 2006, Plaintiff, a federal inmate formerly incarcerated at FCI-McKean in Bradford, Pennsylvania, filed the instant action. Named as Defendants are: the United States of America; Allen Glenn, Corrections Officer; Anthony Krumroy, Corrections Officer; Richard Candelaria, Case Manger; Joseph Benson, Corrections Officer; Gregory Tronetti, Corrections Officer; Dennis Martinelli, Corrections Officer; Ned Watson, Correctional Counselor; Jay Kahm, Corrections Officer; Jason Tessena, Correctional Counselor; Donald Reich, Captain Supervisor of Custody and Security; Sherry Robare, Acting Warden; Todd Montgomery, Heath

1

Services Administrator; and Jose Pabon, Corrections Officer, all of FCI-McKean.

In his first amended complaint, Plaintiff alleges that on March 29, 2005, he was involved in an altercation with Defendants Corrections Officers Glenn and Krumroy.[1]  Plaintiff alleges that after he was wrestled to the ground by Glenn and Krumroy, Defendants Candelaria, Benson, Tronetti, Martinelli, Watson, Kahm and Tessena arrived on the scene and began to physically assault him.  Document # 45, ¶¶ 43-64.  Plaintiff avers that Defendant Montgomery approved the assault by covering it up in the After Action Review Report.  Id. at ¶ 73.  Plaintiff further alleges that Defendants Reich, Robare and Sherman failed in their supervisory capacities to adequately safeguard and protect Plaintiff from the attack by prison staff.  Further, Plaintiff alleges that following his filing of grievances regarding the March 29th incident, Defendant Pabon threatened that he would urinate in Plaintiff's food and "if it was up to me, I would kick your ass for attacking my officers!"  Id. at ¶ 76.

Plaintiff organizes these factual allegations into three separate counts: at Count I, Plaintiff alleges that the United States is liable to him under the Federal Tort Claims Act for the assault and battery conducted by its employees; at Count II, Plaintiff alleges that the individual Defendants (with the exception of Pabon) are liable to him under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) for Eighth Amendment violations; and, at Count III, Plaintiff alleges Defendant Pabon retaliated against him in violation of the First Amendment.  Document # 45.  As relief, Plaintiff seeks unspecified compensatory and punitive damages.

Defendants have filed a motion to dismiss or in the alternative for summary judgment

---

[1]  Plaintiff was found guilty of attempted assault following an investigation and a hearing by a DHO ("Designated Hearing Officer").  Plaintiff was sanctioned to the loss of good conduct time, disciplinary segregation, and a disciplinary transfer to a higher security facility.  To the extent that Plaintiff may complain of a loss of good time credits, his remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 following the exhaustion of administrative remedies.  See Edwards v. Balisok, 520 U.S. 641 (1997); Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002), citing Sandin v. Conner, 515 U.S. 472, 486 (1995); Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).

[Document # 46] and Plaintiff has filed briefs in opposition [Documents # 49 and 67]. Plaintiff has also filed a motion to file a second amended complaint [Document # 51], along with a proposed second amended complaint [Document # 53]. Defendants have moved to strike the second amended complaint [Document # 54]. These issues are fully briefed and are ripe for disposition by this Court.

### B.   Standards of Review
#### 1.   *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.   Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for

lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 3. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 4. Motion for summary judgment pursuant to Fed.R.Civ.P. 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990), quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

C.     The *Bivens* Claim

Defendants argue that Plaintiff's *Bivens* claim should be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny.

In Heck, the Supreme Court held that a state prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Later, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648. The Court recently summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, ___ U.S. ___, 126 S.Ct. 2096 (2006); Muhammad v. Close, 540 U.S. 749 (2004).[2]

So then, the law is well established that a claimant cannot use a civil rights action as a

---

[2] The federal courts consistently apply Heck in *Bivens*-type actions. See Banks v. Hayward, 2007 WL 470472 (3d Cir. February 13, 2007) (applying Heck favorable termination rule in *Bivens* action); Williams v. Hill, 74 F.3d 1339, 1340 (D.C.Cir.1996) (per curiam) (applying Heck to damages actions against federal officials in actions brought under *Bivens*); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir.1995); Messer v. Kelly, 129 F.3d 1259 (Table) (4th Cir. 1997); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir.1994); Robinson v. Jones, 142 F.3d 905, 906-07 (6th Cir. 1998) ("While Heck concerned an action brought under 42 U.S.C. § 1983, we adopt the rule espoused by the Fifth and Eleventh Circuits that the Heck holding applies equally to an action brought under *Bivens*."); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997); Martin v. Sias, 88 F.3d 774, 775 (9th Cir.1996); Reed v. Smith, 182 F.3d 933 (Table) (10th Cir 1999); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995).

vehicle to circumvent the validity of a prison disciplinary hearing. Thus, in order to recover damages involving conduct which is the subject of a prison misconduct conviction, a *Bivens* plaintiff must prove that the conviction has been reversed or declared invalid by a disciplinary appeal. See Banks v. Hayward, 2007 WL 120045, at * 6 n.7 (W.D. Pa. January 10, 2007), citing Avery v. Nichol, 2000 WL 282903, at *2 (6th Cir. 2000). Plaintiff can make no such showing here.

In the instant complaint, Plaintiff alleges violations of the Eighth Amendment arising out of an alleged assault by prison staff which occurred on March 29, 2005. However, Plaintiff was found guilty of attempted assault against Defendants Glenn and Krumroy for that same incident. Following an investigation, the DHO found Plaintiff was guilty of attempted assault, explaining:

> **The DHO gave little weight to your defense as you presented no documentary evidence or witness testimony to support your claim that you were assaulted and attacked by Lt. Glenn and Officer Krumroy**. The DHO gave greater weight to the written statements of Officer Krumroy and Lt. Glenn, in which they both document their eyewitness accounts ... Lt. Glenn and Officer Krumroy are both under oath to tell the truth and to provide truthful statements. The DHO has no reason to question the credibility of Lt. Glenn and Officer Krumroy's account of this incident.

Document # 47, Exhibit C (emphasis added).

Here, a finding by this Court that Defendants violated Plaintiff's Eighth Amendment rights would "necessarily imply the invalidity" of the attempted assault conviction imposed by the DHO.[3] Accordingly, Plaintiff's Eighth Amendment claim is precluded by Heck and the motion to dismiss should be granted as to this claim.

---

[3] But see Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir.1997) (where plaintiff alleged officer effectuated a lawful arrest in an unlawful manner, "we do not see why a judgment in [plaintiff's] favor would throw the validity of his conviction into doubt."). Importantly, here Plaintiff does not allege that Defendants effectuated a lawful arrest in an unlawful manner; instead, Plaintiff alleges that he was assaulted while the DHO specifically concluded to the contrary finding that the evidence in this case demonstrates that Plaintiff was guilty of attempted assault.

      **D.**    **The FTCA Claim**

          **1.**    **Sovereign Immunity**

Generally, the United States enjoys sovereign immunity from suit. Matsko v. United States, 372 F.3d 556, 558 (3d Cir. 2004), citing FDIC v. Meyer, 510 U.S. 471, 475 (1994). However, the Federal Tort Claims Act (FTCA) grants limited jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). Federal inmates are permitted to sue the United States for injuries sustained while incarcerated under the FTCA.

While the FTCA generally grants jurisdiction to the tort plaintiff, there are some notable exceptions to the Act that put certain actions by government employees beyond the jurisdiction of the federal courts. 28 U.S.C. § 2680(a) through (h). One such exception that Defendants raise here is the intentional tort exception. Specifically, the United States is immune from liability for the intentional torts of its employees, including "any claim arising out of assault or battery" by a federal employee acting within the scope of his employment. 28 U.S.C. § 2680(h). However, "the United States is not liable for claims arising out of assault and/or battery committed by federal employees within the scope of their employment unless the employee was an investigative or law enforcement officer." McKinney v. United States of America, 2005 WL 2335318, at *3 (M.D.Pa. 2005).[4]

The statute defines an investigative or law enforcement officer as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law." 28 U.S.C. § 2680(h). The Third Circuit has specifically

---

[4] This exception to the exception reads, in pertinent part:

> (h) Any claim arising out of assault [and] battery [...]: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the Act] shall apply to any claim arising, or on or after the date of this provision, out of assault [and] battery ...

28 U.S.C. § 2680(h).

8

limited the application of this section to law enforcement officers engaged in "conduct in the course of a search, a seizure, or an arrest." Pooler v. United States, 787 F.2d 868, 872 (3d Cir. 1986).[5] See also Matsko v. United States of America, 372 F.3d 556, 560 (3d Cir. 2004); Garcia v. United States, 896 F.Supp. 467, 472 n.3 (E.D. Pa. 1995) ("§2680(h) waives the government's sovereign immunity only in those cases in which an officer commits one of the enumerated intentional torts 'while executing a search, seizing evidence, or making an arrest.'").

In a case factually similar to the case at hand, a district court granted summary judgment in favor of the United States concluding that jurisdiction did not lie where the plaintiff alleged that Bureau of Prisons employees used excessive force against him while transferring him to a Special Housing Unit. McKinney, 2005 WL 2335318, at *4. The plaintiff alleged that guards repeatedly "slammed" his body to the floor, knocking him unconscious, threatened him with a knife, and beat him. The district court found that these alleged actions by the government employees were beyond the jurisdiction of the court as Pooler had specifically limited the application of § 2680(h) to conduct involving a search, the seizure of evidence, or an arrest. See id. ("Pooler's determination that the intentional tort exception of § 2680(h) is limited to specific kinds of law enforcement activity is binding precedent on this Court."). Here, Plaintiff has made no allegation that the alleged assault and battery occurred during the course of a search, seizure or arrest.

Accordingly, Defendants' motion to dismiss should be granted as to the FTCA claim for lack of subject matter jurisdiction.

### 2. The Favorable Termination Requirement of Heck

Defendants also argue that the FTCA claim should be dismissed pursuant to the favorable termination requirement of Heck. The United States Court of Appeals for the Third Circuit has not specifically applied the Heck rule in the FTCA context. However, many other

---

[5] This Court recognizes that district courts within other Circuits have adopted a less restrictive view of § 2680(h). See McKinney, at *4, citing Ortiz v. Pearson, 88 F.Supp.2d 151, 164-65 (S.DN.Y. 2000).

9

Circuit Courts of Appeal, as well as district courts, have applied Heck to FTCA actions, and this Court finds their reasoning persuasive. See Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) ("[W]e conclude the same common law principles that informed the Supreme Court's decision in Heck should inform the decision of whether an action under the FTCA is cognizable when it calls into question the validity of a prior conviction.  We conclude the FTCA, like § 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."); Rashid v. Monteverde & Hemphill, 1997 WL 360922, at * 7 n. 15 (E.D. Pa. 1997) (applying Heck to FTCA claims involving false arrest, false imprisonment and malicious prosecution); Hinton v. United States, 91 Fed. Appx., 2004 WL 540473 (6th Cir. 2003) (in applying Heck, the appellate court held "here, plaintiff seeks return of the documents for which he stands convicted of forging or counterfeiting, and money damages for the allegedly tortious confiscation of the documents. ... plaintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction."); Bradshaw v. Jayaraman, 205 F.3d 1339 (Table) 1999 WL 1206870, at *2 (6th Cir. 1999) (in an FTCA action alleging legal malpractice by appointed criminal defense attorney, two law firm employees and court reporter, the appellate court held  "a plaintiff may not bring such a suit for monetary damages under federal law until his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ o habeas corpus.  The holding in Heck bars such actions, whether brought under *Bivens*, or the FTCA."); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 1994) (an FTCA claim "for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody."); Watkins v. Holt, 2006 WL 2331090, at *2 (D.D.C. 2006) (in an FTCA action alleging negligence by Bureau of Prisons employees in miscalculating a prison sentence, the district court applied Heck holding that "absent a showing that plaintiff's conviction or sentence is invalid, he cannot recover damages under the FTCA."); Echols v. Dwyer, 914 F.Supp. 325, 327 (E.D. Mo. 1996) (in an FTCA action alleging legal malpractice by a federal public defender

10

the district court applied Heck ruling "that an action under the FTCA is not cognizable when it calls into question the validity of a prior conviction").

Although this Court is not willing to apply Heck to every FTCA case, its applicability to the facts as alleged here is particularly relevant. Plaintiff has been found guilty of attempted assault, the precise determination he now challenges in this FTCA action. By bringing an intentional tort claim against the United States for assault and battery by prison employees, Plaintiff is asking this Court to necessarily determine the validity of the disciplinary determination of the DHO. Such an FTCA action in this regard "is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." Parris, 45 F.3d at 385.

Accordingly, the motion to dismiss should be granted as to the FTCA claim on this alternative basis.

### E.	The Retaliation Claim

Finally, Defendants argue that the retaliation claim against Defendant Pabon should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).[6]

---

6  The Third Circuit has directed that district courts should look carefully at allegations of retaliation. "Because of many prisoners' propensity to wield retaliation claims when confronted with disciplinary actions, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner." Sims v. Dragovich, 1999 WL 37621 (E.D.Pa. 1999), affirmed, 43 Fed.Appx. 523, 2002 WL 1800793 (3d Cir. 2002).

11

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must demonstrate:

    1) the conduct in which he was engaged was constitutionally protected;

    2) he suffered "adverse action" at the hands of prison officials; and

    3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[7]

Plaintiff has satisfied the first prong of the *prima facie* case of retaliation as he has alleged that he was engaged in constitutionally protected conduct in that he filed grievances relating to the March 29th incident. Robinson v. Taylor, 204 Fed.Appx. 155, at * 157 (3d Cir. November 7, 2006), citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003) and Davis v. Goord, 320 F.3d 346, 352-53 (2d Cir.2003).

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002), quoting Allah v. Seiverling, 229 F.3d at 225. Plaintiff cannot satisfy the adverse action prong. An inmate has no constitutional right to be free from verbal abuse. Carney v. Craven, 2002 WL 1315605 (6th Cir.). "Mere allegations of verbal abuse, threats, or defamations by a correctional officer to a prisoner are not cognizable in a Section 1983 action." Fischl v. Armitage, 128 F.3d 50, 55 (2nd Cir. 1997). Use of derogatory racial epithets or slurs does not violate the due process clause of the Fourteenth Amendment, Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987), or the Eighth Amendment's prohibition against cruel and unusual

---

[7] Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

punishment, Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987). See also Wright v. O'Hara, 2002 WL 1870479 (E.D. Pa. August 14, 2002).

While it is well established law that an inmate has no right to be free from verbal abuse, such a legal proposition does not automatically mean that verbal abuse is not adverse action for purposes of retaliation. Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("An otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment rights."). However, here Defendant Pabon's remarks, without more, are not sufficiently severe enough to deter a person of ordinary firmness from exercising his constitutional rights.

Therefore, as Plaintiff has failed to state a *prima facie* case of retaliation, the motion to dismiss should be granted in this regard.

### III.  CONCLUSION

It is respectfully recommended that the motion to dismiss or alternatively for summary judgment [Document # 46] be granted.

By separate Order filed this day, Plaintiff's motion to file a second amended complaint [Document # 51] be denied as futile and that Defendants' motion to strike the second amended complaint [contained within Document # 54] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: April 19, 2007