IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 06-37 Erie |
| ) | District Judge McLaughlin |
| UNITED STATES OF AMERICA, *et al.*, ) | Magistrate Judge Baxter |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., J.

On February 16, 2006, Plaintiff, an inmate incarcerated at the Federal Correctional Institution at McKean, filed this action alleging three separate counts. In Count I, Plaintiff alleges that the United States of America is liable pursuant to the Federal Tort Claims Act ("FTCA"). In Count II, Plaintiff alleges that the individual defendants, excluding Defendant Pabon, are liable to him based upon the holding in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) for Eighth Amendment violatoins. In Count III, Plaintiff alleges that Defendant Pabon retaliated against him in violation of the First Amendment. As relief, Plaintiff seeks unspecified compensatory and punitive damages.

Plaintiff's complaint was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Defendants filed a Motion to Dismiss or, in the alternative, for Summary Judgment (Dkt. #46). Plaintiff filed briefs in opposition (Dkt. ## 49 and 67). On April 19, 2007, the Magistrate Judge filed a report recommending that the Motion to Dismiss be granted (Dkt. # 72). Plaintiff filed objections on May 9, 2007 (Dkt. #74).

In her report, the Magistrate Judge recommended that Plaintiff's FTCA claims (Count I) be dismissed on the basis of sovereign immunity.[1] The Magistrate Judge also recommended

---

[1] The Magistrate Judge also recommended that Plaintiff's FTCA claim be
(continued...)

dismissal of Plaintiff's retaliation claim (Count III) because she found that the defendant's conduct did not rise to the level required to constitute an "adverse action" for purposes of making out a retaliation claim.   (Report and Recommendation, pp. 8-12).  Because we find these conclusions to be well-supported, we adopt this portion of the report and recommendation and grant Defendants' motion to dismiss or, in the alternative, for summary judgment as to those claims.

As to Plaintiff's Bivens claim (Count II), the Magistrate Judge recommended dismissal on the basis of Heck v. Humphrey, 512 U.S. 447 (1994).  The facts relevant to this claim are recounted in the Magistrate Judge's Report and are incorporated by reference.  In brief, Plaintiff alleges that after he was wrestled to the ground by two corrections officers additional corrections officers arrived and physically assaulted him.  However, with regards to this incident, Plaintiff was found guilty of attempted assault by a Disciplinary Hearing Officer ("DHO") following a hearing wherein Plaintiff presented his allegations.

The Magistrate Judge correctly cited Heck and Edwards v. Balisok, 520 U.S. 641 (1997), for the proposition that a prisoner cannot maintain a civil rights action under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487; Edwards, 520 U.S. at 648.  The Magistrate Judge concluded that:

> Here, a finding by this Court that Defendants violated Plaintiff's Eighth Amendment rights would "necessarily imply the invalidity" of the attempted assault conviction imposed by the DHO. Accordingly, Plaintiff's Eighth Amendment claim is precluded by Heck and the motion to dismiss should be granted as to this claim.

(Report and Recommendation, p. 7)

---

[1](...continued)
dismissed on the basis of the favorable termination requirement outlined in Heck v. Humphrey, 512 U.S. 447 (1994).  However, as discussed elsewhere in this order, we disagree with the Magistrate Judge's application of Heck to the facts of this case.  Therefore, we adopt only that portion of the Magistrate Judge's analysis of Plaintiff's FTCA claim recommending dismissal based upon the sovereign immunity waiver exceptions.

"How Heck applies to excessive force claims is not always clear." Arnold v. Town of Slaughter, 100 Fed. Appx. 321, 323 (5th Cir. 2004); Nelson v. Jashurek, 109 F.3d 142 (3rd Cir. 1997). "By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction." Arnold, 100 Fed. Appx. 323 (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). In Nelson, the Third Circuit adopted this rationale, holding that, "a finding that [defendant] used excessive 'substantial force' would not imply that the arrest was unlawful and thus the Supreme Court's example of how Heck v. Humphrey can bar a civil action is not applicable here." Nelson, 109 F.3d at 145. Here, we find that Defendant's Eighth Amendment claim is not precluded by virtue of the findings made by the DHO. Simply put, the fact that the DHO found that the corrections officers were responding to an attempted assault by Plaintiff does not necessarily negate Plaintiff's claim of unlawful excessive force in response. Nelson, 109 F.3d at 145-46 ("[T]he fact that [defendant] was justified in using 'substantial force' to arrest Nelson does not mean that he was justified in using an excessive amount of force . . . [thus] we do not see why a judgment in [Plaintiff's] favor would throw the validity of his conviction into doubt."); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction [for assault with a deadly weapon during a traffic stop], Heck does not preclude Smithart's excessive force claim."); Arnold, 100 Fed. Appx. at 323 (noting that "the Heck determination depends on the nature of the offense and of the claim."). Accordingly, we reject the Magistrate Judge's recommendation as to this Count and remand this action for further proceedings pertaining only to Plaintiff's allegations of excessive force under Bivens.

Thus, after de novo review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 28th day of September, 2007;

IT IS HEREBY ORDERED that the report and recommendation of Magistrate Judge Baxter, dated February 16, 2007, is ADOPTED IN PART and REJECTED IN PART. The

Magistrate Judge's analysis is ADOPTED as to Counts I and III of the Complaint and, accordingly, those claims are hereby DISMISSED.  As a result, the United States of America and Defendant Pabon are dismissed from this action.

      As discussed herein, the Magistrate Judge's recommendation as to Count II is rejected.

      /s/ Sean J. McLaughlin
SEAN J. McLAUGHLIN
United States District Judge


cc:    Susan Paradise Baxter
       U.S. Magistrate Judge

       all parties of record  _____